**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

SANDY GOMEZ,                          1:21-cv-16638 (NLH) (SAK)

        Plaintiff,          **MEMORANDUM OPINION & ORDER**

   v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

---

**<u>APPEARANCES</u>:**

Sandy Gomez
72557-054
Federal Correctional Institution Berlin
P.O. Box 900
Berlin, NH 03570

    Plaintiff <u>pro</u> <u>se</u>


**<u>HILLMAN</u>, District Judge**

    WHEREAS, Plaintiff Sandy Gomez is a federal prisoner currently confined in FCI Berlin, New Hampshire, <u>see</u> ECF No. 1; and

    WHEREAS, Plaintiff filed a document captioned as a motion for an injunction against the Federal Bureau of Prisons ("BOP"). <u>Id.</u>; and

    WHEREAS, he alleges that the BOP charged him with committing a prohibited act, Possession of a Hazardous Tool, and violated his due process rights during the disciplinary hearing.

As a result, Plaintiff lost good conduct time; and

WHEREAS, Plaintiff asks the Court to order the BOP to expunge his disciplinary report and lift the sanctions that were imposed; and

WHEREAS, "[c]ourts, of course, look to the substance of a motion and not the caption." Dias v. Bogins, No. 94-1069, 1994 WL 243855, at *1 (E.D. Pa. June 6, 1994). A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); see also Muhammad v. Close, 540 U.S. 749 (2004). Plaintiff's challenge to the loss of good conduct time is more appropriately considered in a habeas corpus proceeding under § 2241 "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam); and

WHEREAS, although Plaintiff was confined in FCI Fort Dix, New Jersey during the disciplinary proceedings, petitions under § 2241 need to be filed in the district of confinement naming the inmate's immediate custodian as respondent, Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); and

WHEREAS, Plaintiff is currently confined within the District of New Hampshire. The Court concludes the interests of justice would be better served by transferring this action to that court for consideration. See 28 U.S.C. § 1404(a) ("For the

2

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."),

THEREFORE, IT IS on this  21st   day of  September , 2021

ORDERED that the Clerk shall transfer this matter to the United States District Court for the District of New Hampshire, 28 U.S.C. §§ 1404(a), 2241; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail and close this matter.


                                        s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.